T.C. Memo. 2002-270

UNITED STATES TAX COURT

CASEY A. ROGINIEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2328-01.                     Filed October 24, 2002.

<u>Marshall C. Sanders</u>, for petitioner.

<u>Robert Taylor</u>, for respondent.


MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  This case is before the Court
pursuant to petitioner's motion for litigation costs under
section 7430 and Rules 230 through 233.  Unless otherwise
indicated, all section references are to the Internal Revenue
Code.  All Rule references are to the Tax Court Rules of Practice
and Procedure.

Petitioner seeks to recover litigation costs of $1,560.

In accordance with Rule 232(a), we dispose of the motion before us without a hearing. Accordingly, we rule on petitioner's motion on the basis of the parties' submissions and the record in this case. The underlying issues raised in the petition were settled by a stipulation of settlement.

At the time the petition in this case was filed, petitioner resided in Phoenix, Arizona.

By letter dated July 24, 2000 (30-day letter), respondent sent petitioner an examination report with respect to petitioner's 1999 taxable year in which respondent determined that petitioner's filing status was changed from head of household to single; the dependency exemptions for petitioner's two children were disallowed; and the earned income credit was disallowed. In the 30-day letter, respondent advised petitioner that if he disagreed with the proposed changes, respondent would consider any supporting information and documentation that he might care to submit. Along with the 30-day letter, respondent provided petitioner with Form 886-H, Supporting Documents, which outlined the type of information and documentation relevant to resolving issues related to filing status, dependency exemptions, and the earned income credit. Respondent also advised petitioner of his right to file an administrative appeal for the proposed changes and enclosed with the 30-day letter a copy of Publication

5, Your Appeal Rights and How To Prepare a Protest If You Don't Agree.

Petitioner did not request an Appeals Office hearing.

On August 6, 2000, petitioner responded to respondent's July 24, 2000, letter by providing a copy of petitioner's decree of dissolution of marriage (decree). The decree designated petitioner as the primary residential parent for both children.

In response to petitioner's August 6, 2000, submission, respondent sent petitioner Form 886-A, Explanation of Items, which indicated that additional information was required by respondent. Respondent specifically stated that acceptable forms of supporting documentation to verify the children's residency would include "SCHOOL AND/OR MEDICAL RECORDS LISTING YOUR NAME AS PARENT OR GUARDIAN, THE CHILD'S NAME, THE ADDRESS OF RECORD DATED JANUARY THROUGH DECEMBER OF THE TAX YEAR." Acceptable forms of supporting documentation to verify support would include cancelled checks or receipts for rent/mortgage and utilities. The letter also stated that "IF YOU ARE ABLE TO FURNISH THE REQUIRED DOCUMENTATION WITHIN 90 DAYS, WE WILL BE ABLE TO RECONSIDER OUR CURRENT DETERMINATION."

On December 7, 2000, respondent mailed to petitioner a notice of deficiency in the amount of $4,324 for the taxable year 1999. The notice of deficiency reflected the same adjustments as determined in respondent's 30-day letter.

On or about December 20, 2000, respondent received additional documentation from petitioner. The documentation included: (1) a letter from the school attended by petitioner's children; (2) Social Security cards for the children; (3) magazine covers addressed to the children at petitioner's home address; and (4) a customer statement to petitioner for child care for the children. The school letter did not list the children's home address.

On or about January 23, 2001, petitioner met with his counsel.

On January 26, 2001, respondent sent a second Form 886-A to petitioner requesting additional information to substantiate petitioner's positions. Again, respondent enclosed a Form 886-H detailing acceptable documentation.

On February 20, 2001, petitioner's petition was filed. On April 24, 2001, respondent's answer was filed.

After the petition was filed, Appeals Officer Loren L. Peterson (Mr. Peterson) was assigned petitioner's case. On or about May 24, 2001, Mr. Peterson mailed a letter to petitioner to schedule a conference to attempt to settle the case without going to trial.

During July 2001, respondent and petitioner's counsel had two telephone conferences with regard to petitioner's case. As a result of the telephone negotiations and the submissions of the

information on or about December 20, 2000, Mr. Peterson determined that petitioner was entitled to the head of household filing status, the two dependency exemptions, and the earned income credit. Respondent informed petitioner's counsel that no concession for attorney's fees and costs would be made.

On or about September 7, 2001, respondent sent petitioner's counsel a proposed Stipulation Decision conceding all of the tax issues.

Between November 21, 2001, and January 2, 2002, respondent attempted, via telephone calls and letters, to contact petitioner's counsel. The letters included additional copies of the proposed Stipulation Decision.

Sometime in January 2002, petitioner's counsel contacted respondent. As a result, respondent prepared and mailed a Stipulation of Agreed Issues to petitioner's counsel.

On January 28, 2002, at the calendar call of the case, petitioner filed a Motion for Attorney's Fees and Costs and the Stipulation of Agreed Issues.

Section 7430 permits the award of reasonable litigation costs to a taxpayer in an administrative or court proceeding brought against the United States in connection with the determination of any tax, interest, or penalty under the Internal Revenue Code. An award of litigation costs may be made where the taxpayer (1) is the "prevailing party", (2) exhausted available

administrative remedies, (3) did not unreasonably protract the administrative or judicial proceeding, and (4) claimed reasonable litigation costs. Sec. 7430(a), (b)(1), (3), (c). These requirements are conjunctive. <u>Minahan v. Commissioner</u>, 88 T.C. 492, 497 (1987). Except as provided in section 7430(c)(4)(B), petitioner bears the burden of proving that he meets each of the requirements of section 7430. Rule 232(e).

To be a prevailing party, a taxpayer must: (1) Substantially prevail with respect to either the amount in controversy or the most significant issue or set of issues presented, and (2) meet certain net worth requirements. Sec. 7430(c)(4)(A)(i) and (ii). However, the taxpayer is not entitled to an award for reasonable litigation costs if the Commissioner shows that the position of the United States in the proceeding was substantially justified. Sec. 7430(c)(4)(B)(i).

Respondent concedes that petitioner substantially prevailed and meets the net worth requirements. Respondent argues, however, that petitioner is not the prevailing party because respondent was substantially justified in maintaining his position in the administrative and judicial proceedings. Respondent also argues that petitioner did not exhaust all administrative remedies, that petitioner unreasonably protracted the proceedings, and that the fees requested are unreasonable.

We focus first on whether petitioner exhausted all available

administrative remedies.  An award for litigation costs shall not be made unless the taxpayer has exhausted the administrative remedies available within the Internal Revenue Service.  Sec. 7430(b)(1); sec. 301.7430-1(b)(1), Proced. & Admin. Regs.  We find that petitioner has not met this requirement.  The 30-day letter sent to petitioner specifically provided that if petitioner disagreed with respondent's findings, petitioner had "the right to file an administrative appeal".  Prior to filing his petition in the Tax Court, petitioner never requested or participated in a conference with the Appeals Office with respect to the 1999 taxable year, although such a conference was available.  Section 301.7430-1(b)(1), Proced. & Admin. Regs., provides that, where a conference with the Appeals Office is available, administrative remedies are exhausted when the taxpayer (1) participated in a conference with the Appeals Office before petitioning this Court, or (2) prior to the issuance of the notice of deficiency, requested such a conference and no such conference was granted.  Haas & Associates Accountancy Corp. v. Commissioner, 117 T.C. 48, 57-59 (2001); Swanagan v. Commissioner, T.C. Memo. 2000-294; Patel v. Commissioner, T.C. Memo. 1998-306; Jacoby v. Commissioner, T.C. Memo. 1997-384.

Because petitioner did not exhaust his administrative remedies, we have no choice but to rule for respondent.  Thus, we find no reason to delve into the other requirements.  We have

considered all other arguments made by petitioner and found them to be either irrelevant or without merit.  Accordingly, we hold that petitioner does not qualify for an award of litigation costs under section 7430.

To reflect the foregoing,

<u>An appropriate order</u>

<u>and decision will be entered</u>.